IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frank Scott Dabney and Kathryn Harrelle Dabney, )<br>)<br>Plaintiffs-Appellants, )<br>)<br>v. )<br>)<br>Bank of America, N.A.; Specialized Loan Servicing, LLC; Shellpoint Mortgage Servicing; and The Bank of New York Mellon, )<br>)<br>)<br>)<br>)<br>Defendants-Appellees. )<br>_____) | Civil Action No. 2:19-cv-3225-BHH<br><br>**ORDER** |

This action is an appeal by Plaintiffs-Appellants Frank Scott Dabney and Kathryn Handle Dabney ("the Dabneys"), from an order of the United States Bankruptcy Court for the District of South Carolina, which granted Defendants-Appellees' motion for summary judgment. On May 22, 2020, the Dabneys filed a motion to supplement the record or, in the alternative, withdrawal of reference and relief from judgment. (ECF No. 12.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On December 23, 2020, Magistrate Judge Molly H. Cherry filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny the Dabneys' motion. On January 6, 2021, the Dabneys filed a supplement to their motion and written objections to the Magistrate Judge's Report. Appellees filed a reply to the Dabneys' objections, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

On May 11, 2006, the Dabneys executed and delivered an adjustable rate note in the original principal amount of $304,000.00 to Lendmark Financial Services, Inc., ("Lendmark"). Executed simultaneously with the note was a mortgage of property located in Charleston, South Carolina, and an adjustable rate rider that expressly amends the mortgage. *See Dabney v. Bank of Am., N.A.*, No. 2:17-cv-3151-RMG, 2018 WL 3306896, at *1-2 (D.S.C. July 3, 2018) (setting forth the factual background before reversing the bankruptcy court's order granting judgment on the pleadings in favor of Defendants).

On November 21, 2012, the Dabneys filed a petition under Chapter 13 of the Bankruptcy Code, and the Dabneys instituted this adversary proceeding against Appellees on March 30, 2017, alleging that the Dabneys have been charged excessive interest on the loan and have overpaid on the loan.

2

The bankruptcy court granted Defendant Bank of America's motion for judgment on the pleadings on November 8, 2017, but on appeal, this Court vacated the bankruptcy court's order and remanded for further proceedings. *See id.* at *5. Specifically, the Court found the loan documents ambiguous because, when read together, they are capable of being understood as both having an interest rate floor and not having an interest rate floor. Therefore, the Court remanded the case, noting that parol evidence might resolve the ambiguity. *Id.*

On remand, the Dabneys filed an amended complaint raising additional claims against Appellees. (ECF No. 3-5 at 234.) Following the close of discovery, Appellees moved for summary judgment, and after a hearing, the bankruptcy court issued an order granting summary judgment for Appellees. (*Id.* at 234, 267.) The bankruptcy court ultimately concluded that there was "no genuine issue of material fact as to whether the parties intended for the Loan to provide an interest rate floor of 8%," explaining:

> Reading the Note, Mortgage, and [Rider] together, and considering the absence of any parol evidence indicating a contrary intent of the parties, the Court finds that the interest rate provisions in the [Rider] expand and clarify the interest rate provisions contained in the Note, such that the maximum interest rate chargeable under the Loan documents is 14%, and the minimum interest rate chargeable under the Loan documents is 8%. Even after conducting discovery, Plaintiffs have been unable to present any evidence showing that they requested an interest rate without a floor or that Lendmark misled them about the terms of the loan. There is also no evidence showing that anything outside the loan documents modified the interest rate floor set forth in the loan documents.

(*Id.* at 246-47.)

The Dabneys filed their notice of appeal with the bankruptcy clerk on November 8, 2019. (ECF No. 1.) On May 22, 2020, the Dabneys filed the instant motion to supplement the record on appeal with documents that were not before the bankruptcy court.

Specifically, the Dabneys seek to add two documents to the record, both of which were created *after* the bankruptcy court issued the order on appeal: (1) a declaration from Scott Dabney dated May 21, 2020; and (2) a change notice from Bank of American dated May 1, 2020, informing the Dabneys that on June 1, 2020, the interest rate on their adjustable-rate mortgage loan would change from 8.000% to 7.000%. (ECF Nos 12 and 12-1.) The Dabneys assert that the change notice "directly contradicts Appellees' position, which they have maintained from the outset of this action over three years ago (and through both appeals), that the adjustable rate note at issue in this case has an interest rate floor of 8%." (ECF No. 12 at 1.) According to the Dabneys, the change notice shows that there is a genuine issue of material fact as to the existence of an interest rate floor, and they request that the record be expanded to consider the change notice as "newly discovered evidence" mandating relief from judgment under Rule 60(b)(2). (*Id.* at 2.)

In her Report, the Magistrate Judge thoroughly outlined the history of this case (as repeated in large part above) and set forth the applicable law. The Magistrate Judge explained that this Court has jurisdiction to hear appeals from final orders of the bankruptcy court, *see* 28 U.S.C. § 158(a), and that, in doing so, the Court may consider the original papers and exhibits filed in the bankruptcy court, the transcript of the proceedings, and the certified docket. *See* Fed. R. App. P. 10(a). Thus, "in reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made part of the record." *Angell ex rel. Williams v. Echols*, No. 7:10-cv-136-D, 2011 WL 12876343, at *2 (E.D.N.C. March 14, 2011) (rejecting the bank's attempt to supplement the record with an exhibit not before the bankruptcy court) (citation omitted).

Next, the Magistrate Judge determined that the materials the Dabneys seek to add to the record could not have been omitted from the record by "error or accident," *see* Fed. R. App. P. 10(e)(2), because they were not in existence when the bankruptcy court issued its decision, or even when the parties submitted their initial briefs in this Court. (ECF Nos. 9 and 10.) Thus, the Magistrate Judge concluded that supplementation under Rule 10(e)(2) is not appropriate. (ECF No. 24 at 7.)

The Magistrate Judge next considered the Dabneys' argument that the Court should exercise its inherent authority, sitting as a federal appellate court, to supplement the record on appeal with evidence not reviewed by the court below. (ECF No. 12 at 2.) The Magistrate Judge explained that although this it is rare for an appellate court to supplement the record to include material that was not before the lower court, an appellate court may do so in its equitable power if it is in the interest of justice. As the Magistrate Judge correctly outlined, appellate courts have recognized three appropriate considerations: "(1) whether the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) whether remanding the case to the trial court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) whether the appeal arose in the context of a habeas corpus action." (ECF No. 24 at 8 (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 226 (3d Cir. 2009), and *Dickerson v. State of Ala.*, 667 F.2d 1364, 1367 (11 th Cir. 1982)).)

Ultimately, the Magistrate Judge determined that none of these factors made supplementation of the record appropriate in this case. First, the Magistrate Judge noted that this is not a habeas case. Second, the Magistrate Judge found that the interests of

5

justice and judicial economy do not require that the record be expanded under the particular circumstances.  Third, the Magistrate Judge found that the Dabneys failed to show that the change notice constitutes material evidence that would have changed the outcome of the motion for summary judgment or that somehow establishes beyond doubt the proper resolution of this appeal.  The Magistrate Judge explained:

> [T]he Dabneys do not explain how the 2020 Change Notice and affidavit, created fourteen years *after* the Dabneys executed the written loan documents, constitute "evidence of agreements or understandings *contemporaneous with or prior to the execution* of" the written loan documents, such that the new documents would be admissible as evidence of the parties' intent at the time of signing. [ ] The undersigned finds that the new documents would neither create a question of fact regarding the existence of the interest rate floor in the loan documents nor constitute material evidence that would have changed the outcome of the motion for summary judgment.

(ECF No. 24 at 10 (emphasis in original).)  Thus, the Magistrate Judge recommended that the Court deny Plaintiffs' motion to supplement the record.

Next, the Magistrate Judge considered the Dabneys' alternative argument that the Court should simply withdraw its reference of the matter to the bankruptcy and vacate the bankruptcy court's order and proceed with the case here as if in the first instance. Ultimately, the Magistrate Judge found that the Dabneys failed to make a timely motion for mandatory withdrawal, and that discretionary withdrawal is not warranted due to the posture of the case.

The Dabneys filed written objections to the Magistrate Judge's Report, asserting that the 2020 change notice demonstrates a genuine issue of material fact as to the existence of an interest rate floor in the operative note.  The Dabneys argue that the Magistrate Judge erred in finding that change notice "inadmissible" and assert that the bank's post-

formation conduct is properly considered extrinsic evidence. The Dabneys also assert that the change notice is properly considered evidence supporting their non-contract causes of action because the parol evidence rule does not apply to those claims. In addition, the Dabneys assert that judicial economy demands consideration of the change notice because it would allow for consideration of all of the issues before a single court. Finally, the Dabneys object to the Magistrate Judge's findings with respect to their alternative request that the Court withdraw its reference of this matter to the bankruptcy court. The Dabneys assert that none of the authorities cited by the Magistrate Judge forbid this Court from withdrawing its reference, and they assert that the new evidence meets the requirements for relief pursuant to Rule 60(b)(2). Alternatively, the Dabneys request that the Court remand this motion to the bankruptcy court for consideration.

The Court has thoroughly reviewed the Dabneys' objections and finds them entirely unavailing. As an initial matter, the Court notes that the Dabneys do not object to the Magistrate Judge's finding that supplementation of the record is not appropriate under Rule 10(e)(2) of the Federal Rules of Appellate Procedure, and the Court agrees with the Magistrate Judge's analysis on this point.

Next, as to the Magistrate Judge's conclusion that none of the factors that may support supplementation of the record in the Court's inherent power apply to the circumstances of this case, the Dabneys object that the new evidence is "admissible," but the Court agrees with Appellees that this is not the proper question. Rather, the proper question is whether the proffered additional evidence would establish *beyond any doubt* the

proper resolution of the pending issue.[1]  Ultimately, the Court agrees with the Magistrate Judge that conduct occurring more than fourteen years after the contract's formation is not relevant to or informative of the parties' intent at the time the agreement was made and therefore does not meet the "beyond any doubt" standard.

With respect to the Magistrate Judge's handling of the Dabneys' alternative request for withdrawal of the reference to the bankruptcy court, the Court agrees with the Magistrate Judge that the Dabneys failed to make a timely motion for mandatory withdrawal.  The Court also agrees that motions to withdraw reference are typically filed while proceedings are active in the bankruptcy court, which is not the case here.  Although the Dabneys assert that nothing forbids the Court from withdrawing its reference, the Court, after consideration, agrees with the Magistrate Judge that it is appropriate to deny this request without prejudice at this time.  If, as the Magistrate Judge noted, the Court ultimately vacates the bankruptcy court's order granting summary judgment and remands the case to the bankruptcy court, then the Dabneys can renew their motion at that time.

Finally, in their objections, the Dabneys raise an entirely new issue, effectively requesting that the Court remand the instant motion to the bankruptcy court for consideration or issue an explicit finding that the filing of the instant motion in this Court equitably tolled the deadline for filing a Rule 60(b) motion before the bankruptcy court.  The Court finds no authority for this particular relief and denies the Dabneys' newest request.

---

[1] There is no dispute that this is not a habeas case, and the Court agrees with the Magistrate Judge that remanding the case to the bankruptcy court for consideration of the additional material–which did not even exist at the time of the bankruptcy court's earlier decision–would be contrary to the interests of justice and the efficient use of judicial resources.

**CONCLUSION**

For the foregoing reasons, the Court overrules the Dabneys' objections (ECF No. 26) and adopts the Magistrate Judge's Report (ECF No. 24). The Dabneys' motion to supplement record or, in the alternative, withdrawal of reference and relief from judgment (ECF No. 12) is **DENIED** as outlined herein and in the Magistrate Judge's Report.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 19, 2021
Charleston, South Carolina